***United States Department of Justice***

*United States Attorney*
*Southern District of West Virginia*

*Sidney L. Christie Federal Building*
*and United States Courthouse*
*845 Fifth Avenue, Room 209*
*Huntington, WV 25701*
*PHONE: 304-529-5799*
*FAX: 304-529-5545*

FILED
DEC 15 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

November 21, 2025

David Bungard
First Assistant Federal Public Defender
300 Virginia Street, E
Charleston, WV 25301

Re: United States v. ERIN LEIGH KEENEY
Criminal No. 3:25-cr-161-1 (USDC SDWV)

Dear Mr. Bungard:

This will confirm our conversations with regard to your client, Erin Leigh Keeney (hereinafter "Ms. Keeney"). As a result of these conversations, it is agreed by and between the United States and Ms. Keeney as follows:

1. **PENDING CHARGES.** Ms. Keeney is charged in eight counts of a twenty-seven count indictment as follows:

(a) Count One charges Ms. Keeney with a violation of 21 U.S.C. § 846 (conspiracy to distribute quantities of fentanyl, cocaine base, and a mixture of methamphetamine);

(b) Counts Two, Six, and Eleven charge Ms. Keeney with violations of 18 U.S.C. § 922(d)(1) and 18 U.S.C. § 2 (aiding and abetting the sale of a firearm to a convicted felon);

(c) Counts Four and Five charge Ms. Keeney with violations of 21 U.S.C. § 841(a)(1) (distribution of carfentanil);

(d) Count Seven charges Ms. Keeney with a violation of 21 U.S.C. § 841(a)(1) (distribution of cocaine base); and

(e) Count Eight charges Ms. Keeney with a violation of 21 U.S.C. § 841(a)(1) (distribution of fentanyl).

ELK

2. **RESOLUTION OF CHARGES.** Ms. Keeney will plead guilty to Count Five of said indictment, which charges her with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Counts One, Two, Four, Six, Seven, Eight, and Eleven in Criminal No. 3:25-cr-161-1 as to Ms. Keeney.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Keeney will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of up to 20 years;

(b) A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of at least 3 years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Ms. Keeney for a period of 5 years; and

(f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4. **SPECIAL ASSESSMENT.** Ms. Keeney has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Keeney agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

ELK
Defendant's
Initials

5. **PAYMENT OF MONETARY PENALTIES.** Ms. Keeney authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Keeney agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Keeney further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Ms. Keeney authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Ms. Keeney shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Ms. Keeney agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct her attorney to notify FLP immediately of her representation.

6. **COOPERATION.** Ms. Keeney will be forthright and truthful with this office and other law enforcement agencies with regard to

ELK
Defendant's
Initials

all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Keeney may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Keeney, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Keeney for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Keeney for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Keeney stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Ms. Keeney agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Keeney or of any of her

ELK
Defendant's
Initials

witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Keeney knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Keeney understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Ms. Keeney agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2D1.1 (c)(8)

| | |
|---|---|
| Base offense level | 24 |
| USSG §2D1.1 (b)(1) - possession of a firearm | + 2 |
| Adjusted Offense Level (prior to acceptance) | 26 |

The United States and Ms. Keeney acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

ELK
Defendant's
Initials

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Keeney knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence imposed by the District Court, including any term of imprisonment, fine, term or condition of supervised release, term or condition of probation, or special assessment, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Ms. Keeney also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Ms. Keeney's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal any sentence imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Ms. Keeney also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Keeney knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

ELK
Defendant's
Initials

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Ms. Keeney;

(f) Advise the Court concerning the nature and extent of Ms. Keeney's cooperation; and

(g) Address the Court regarding the issue of Ms. Keeney's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Ms. Keeney violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Keeney in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Keeney in any Court other than the United States District Court

ELK
Defendant's Initials

for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

MOORE CAPITO
United States Attorney

By:

STEPHANIE S. TAYLOR
Assistant United States Attorney

SST/sdw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

| | |
|---|---|
| Erin Leigh Keeney<br>Defendant | 12-3-25<br>Date Signed |
| David Bungard<br>Counsel for Defendant | 12-3-25<br>Date Signed |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 3:25-cr-161-1**

**ERIN LEIGH KEENEY**

**STIPULATION OF FACTS**

The United States and Erin Leigh Keeney (hereinafter "defendant", "me", or "I") stipulate and agree that the facts comprising the offense of conviction (Count Five in the Indictment in the Southern District of West Virginia, Criminal No. 3:25-cr-161-1), and the relevant conduct for the offense, include the following:

**DEFENDANT'S FACTUAL BASIS FOR PLEA**

On March 24, 2025, an informant working at the direction of the Huntington Police Department called me. I called the informant back and told him about a gun for sale. I then gave the phone to Joe Cross so that he could discuss the details of the price of the gun with the informant. After their conversation, I called the informant back. The informant told me he wanted to get another gram from me. I understood this to mean a gram of fentanyl. The informant met Joe Cross and I at my residence located at 2749 Parsons Street, in Huntington, West Virginia. Once inside my residence, the informant and Joe Cross agreed on a price for the gun. The informant gave Joe Cross money for the firearm and gave me $100 for a gram of fentanyl.

The informant drove me to the intersection of Grace Street and an alley between Oakland Avenue and Norway Avenue, in Huntington, West Virginia, within the Southern District of West Virginia. I went inside a residence and obtained the suspected fentanyl. I returned to the informant's vehicle and gave the suspected fentanyl to the informant. The informant drove me back to my residence. Once inside, the informant obtained the firearm from Joe Cross.



ELK

The substance was sent to the Mid-Atlantic Laboratory and came back as positive for 1 gram of carfentanil.

Carfentanil is a Schedule II controlled substance.

**RELEVANT CONDUCT AND TOTAL DRUG WEIGHT**

On March 20, 2025, an informant working at the direction of the Huntington Police Department contacted me about buying fentanyl and a firearm. I told the informant to come to my residence at 2749 Parsons Street, in Huntington, West Virginia. I introduced the informant to Joe Cross. The informant drove me to the area of Grace Street and Oakland Avenue in Huntington. I got out of the vehicle and obtained the suspected fentanyl. I gave the suspected fentanyl to the informant in exchange for $80.

The substance was sent to the Mid-Atlantic Laboratory and returned as 1 gram of carfentanil.

On April 2, 2025, I met the same confidential informant at 1128 9th Avenue in Huntington, West Virginia. The informant picked me up and drove me to the area of Grace Street and Oakland Avenue. I exited the car and returned. I gave the crack cocaine to the informant for $220.

The substance was sent to the Mid-Atlantic Laboratory and returned as 2.57 grams cocaine base.

On April 16, 2025, the same informant called me. The informant picked me up at my residence on Parsons Street and drove me to the area of Grace Street and Norway Avenue. I went inside 252 Norway Avenue. I exited the car and returned. I gave the suspected fentanyl to the informant in exchange for $230.

The suspected fentanyl was sent to the Mid-Atlantic Laboratory and returned as 3.5 grams of a mixture of fentanyl, carfentanil, heroin, and other cutting agents.

In March 2025, I sold approximately one ounce of crack cocaine to various people in the Huntington area.

The parties stipulate and agree that the total amount of offense and relevant conduct attributable to defendant at

ELK

sentencing is the equivalent of at least 100 KG but less than 400 KG of converted drug weight.

This Stipulation of Facts does not contain each and every fact known to Ms. Keeney and to the United States concerning her involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

Erin Leigh Keeney
Defendant

12-3-25
Date

David Bungard
Counsel for Defendant

12/3/25
Date

Stephanie Taylor
Assistant United States Attorney

12-10-25
Date